The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 29, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 29, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 11-19870 |
| ) | |
| RHONDA D. ROOT, ) | |
|     Debtor. ) | Chapter 7 Proceedings |
| _____ ) | |
| ) | |
| LAUREN A. HELBLING, ) | Adversary Proceeding |
| TRUSTEE, ) | No. 12-1091 |
|     Plaintiff, ) | |
| ) | |
| v. ) | Judge Arthur I. Harris |
| ) | |
| MARK WAGNER, ) | |
|     Defendant. ) | |

MEMORANDUM OF OPINION[1]

This adversary proceeding is currently before the Court on the plaintiff-trustee's unopposed motion for summary judgment against defendant Mark Wagner (Docket #32). The trustee seeks recovery of an alleged avoidable

---

[1]This Opinion is not intended for official publication.

fraudulent conveyance pursuant to 11 U.S.C. §§ 548 and 550 and Ohio Rev. Code § 1336. For the following reasons, the trustee's motion for summary judgment is granted.

## JURISDICTION

The Court has jurisdiction over this action. An action seeking recovery of a fraudulent transfer is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H), which falls within the jurisdiction granted to this Court pursuant to Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. On November 21, 2011, Rhonda D. Root (the "debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 11-19870). On April 3, 2012, the Chapter 7 trustee, Lauren A. Helbling (the "trustee"), filed this adversary proceeding against Mark Wagner (the "defendant"), seeking the recovery of a 2004 Yamaha motorcycle, or, in the alternative, $6,000. The trustee alleges that the debtor transferred the motorcycle to the defendant for no consideration. The defendant filed an answer generally denying every allegation in the trustee's complaint, coupled with an affidavit in which the defendant

disputed the debtor's insolvency at the time of the transfer and generally asserted that the motorcycle was his.

The undisputed facts reveal that on May 23, 2009, the debtor used $23,070 of her personal money to purchase a Chrysler minivan for American Atlantic, a registered trade name owned by the defendant. The debtor viewed this purchase as a loan to the defendant and his business. Six months later, on November 27, 2009, the Chrysler minivan was traded in for a 2004 Yamaha motorcycle and a recreational vehicle. The debtor owned both the motorcycle and the recreational vehicle. At least the motorcycle was titled solely in the debtor's name. Soon thereafter, the defendant demanded that the debtor transfer the motorcycle's title to him. On December 18, 2009, the debtor executed a new title which lists the defendant as the sole owner and reflects a purchase price of $0.00. At the time of the transfer, the motorcycle's fair market value was $6,000, but the defendant did not pay any money to the debtor or otherwise provide consideration for the transfer of the motorcycle. On November 21, 2011, twenty-three months after the debtor transferred the motorcycle to the defendant, the debtor filed for bankruptcy.

Although the defendant generally denies the debtor's insolvency on the date the debtor signed over the title to the motorcycle, the defendant has not disputed the trustee's balance sheet analysis. Specifically, on December 18, 2009, the

debtor's total liabilities were $29,733 greater than her nonexempt assets.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (citation and internal quotation marks omitted).

4

DISCUSSION

Section 548 of the Bankruptcy Code provides,[2] in pertinent part:

>	(a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-
> . . .
>
>>	(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>>
>>	(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

Section 550 of the Bankruptcy Code provides, in pertinent part:

>	(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>>		(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

In this case, twenty-three months before filing for bankruptcy, the debtor transferred the title to her 2004 Yamaha motorcycle to the defendant. The debtor held an interest in the motorcycle because the debtor obtained the motorcycle by

---

[2]	The provisions of the Ohio Revised Code upon which the trustee also relies are largely duplicative of the provisions of the Bankruptcy Code upon which the Court relies to grant the motion. Thus, it is not necessary to analyze those provisions of the Ohio Revised Code as applied to this case.

5

trading in a vehicle titled in the defendant's registered trade name but purchased with a loan from the debtor's personal funds. The motorcycle was titled solely in the name of the debtor. About a month later, the defendant demanded that the debtor transfer the title to him, and the debtor did so. The debtor received less than reasonably equivalent value for the transfer of the motorcycle because the defendant provided no consideration and the motorcycle was worth $6,000. Additionally, the debtor was insolvent on the date of the transfer because the debtor's liabilities exceeded her nonexempt assets by $29,733. *See* 11 U.S.C. § 101(32). The defendant's mere assertion that the debtor was solvent at the time of the transfer does not constitute a genuine dispute, and no reasonable jury could find that the debtor was solvent given the trustee's balance sheet evidence.

Accordingly, the debtor's 2009 transfer of the 2004 Yamaha motorcycle is an avoidable fraudulent transfer and the trustee is entitled to recover the motorcycle, or in the alternative, the motorcycle's fair market value at the time of the transfer, $6,000.

## CONCLUSION

For the reasons stated above, the Court grants summary judgment in favor of the trustee and against defendant Mark Wagner as follows: (1) the debtor's 2009 transfer of her 2004 Yamaha motorcycle for less than reasonably equivalent

value constitutes an avoidable transfer under § 548 of the Bankruptcy Code; and (2) under § 550 of the Bankruptcy Code, the trustee may recover the 2004 Yamaha motorcycle or, in the alternative, the motorcycle's fair market value at the time of the transfer, $6,000.

    IT IS SO ORDERED.